**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| EMG TECHNOLOGY, LLC, | |
| Plaintiff, | Case No. 6:15-cv-501 |
| v. | **JURY TRIAL DEMANDED** |
| DOLLAR THRIFTY AUTOMOTIVE GROUP, INC.; DOLLAR RENT A CAR, INC.; AND THRIFTY, INC., | |
| Defendants. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff EMG Technology, LLC ("EMG") alleges as follows for its complaint against Defendants Dollar Thrifty Automotive Group, Inc.; Dollar Rent A Car, Inc.; and Thrifty, Inc. d/b/a/ Thrifty Car Rental (collectively, "Dollar Thrifty"):

**JURISDICTION AND VENUE**

1.     This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§ 1 et seq.

2.     This Court has original and exclusive subject matter jurisdiction over the patent infringement claims for relief under 28 U.S.C. §§ 1331 and 1338(a).

3.     The Court has personal jurisdiction over Dollar Thrifty because Dollar Thrifty has transacted and is transacting business in the Eastern District of Texas that includes, but is not limited to, the use, and promotion of the use of, products and systems that practice the subject matter claimed in the patents involved in this action.

4.      Venue is proper in this district under 28 U.S.C. § 1391(b-c) and 1400(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District where Dollar Thrifty has done business and committed infringing acts and continues to do business and to commit infringing acts.

## PARTIES

5.      EMG is a limited liability company organized under the laws of the State of California with its principal place of business in Los Angeles, California.

6.      EMG is informed and believes, and on that basis alleges, that Dollar Thrifty Automotive Group, Inc. is a Delaware corporation with its principal place of business in Tulsa, Oklahoma.  EMG is further informed and believes, and on that basis alleges, that Dollar Rent A Car, Inc. is an Oklahoma corporation, with its principal place of business in Tulsa, Oklahoma. EMG is further informed and believes, and on that basis alleges, that Thrifty, Inc. is an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma.  EMG is informed and believes, and on that basis alleges, that Dollar Thrifty has conducted business in this Judicial District.  EMG is further informed and believes, and on that basis alleges, that Dollar Thrifty derives a significant portion of its revenue from the promotion and/or sale of its services through its systems, web servers, and software associated with its Internet web sites, including at least http://m.thrifty.com and http://m.dollar.com ("Accused Instrumentalities").

7.      EMG is informed and believes, and on that basis alleges, that, at all times relevant hereto, Dollar Thrifty has done and continues to do business in this judicial district.

## PATENTS

8.      United States Patent No. 6,600,497 (the "'497 Patent") entitled "Apparatus and Method to Navigate Interactive Television Using Unique Inputs with a Remote Control" was

duly and legally issued on July 29, 2003.  A true and correct copy of the '497 Patent is attached hereto as Exhibit "A" and incorporated herein by this reference.  By a series of assignments, EMG is now the assignee of the entire right, title and interest in and to the '497 Patent, including all rights to enforce the '497 Patent and to recover for infringement.  The '497 Patent is valid and in force.

9.      United States Patent No. 7,194,698 (the "'698 Patent") entitled "Method to Advertise and Search on Television for Web Content Using A Simplified Interface" was duly and legally issued on March 20, 2007.  A true and correct copy of the '698 Patent is attached hereto as Exhibit "B" and incorporated herein by this reference.  By a series of assignments, EMG is now the assignee of the entire right, title and interest in and to the '698 Patent, including all rights to enforce the '698 Patent and to recover for infringement.  The '698 Patent is valid and in force.

## FIRST CLAIM FOR RELIEF

### Infringement of the '497 Patent

10.     EMG refers to and incorporates herein by reference paragraphs 1-9.

11.     Dollar Thrifty, by the acts complained of herein, and by making, using, selling, offering for sale, and/or importing in the United States, including in the Eastern District of Texas, instrumentalities embodying the invention, has in the past, does now, and continues to infringe the '497 Patent directly, contributorily and/or by inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.

12.     At least since the filing of this complaint, Dollar Thrifty has had actual knowledge of the '497 patent.

13.     On information and belief, Dollar Thrifty has knowingly and actively induced the infringement of one or more of the '497 patent claims by, *inter alia*, marketing and promoting the Accused Instrumentalities, knowingly and intending that the use of such  instrumentalities by Dollar Thrifty customers infringes the '497 patent.  For example, Dollar Thrifty intends to induce such infringement by, among other things, promoting users to display and navigate mobile websites, including at least http://m.thrifty.com and http://m.dollar.com, knowing that the display and navigation of Dollar Thrifty's mobile websites on a user's portable device or cell phone infringes one or more claims of the '497 Patent.

14.     On information and belief, Dollar Thrifty has contributed to the infringement of the '497 patent by, *inter alia*, marketing and promoting its services.  Defendants have used and promoted within the United States the Accused Instrumentalities, which are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are known by Dollar Thrifty to be especially made or especially adapted to the infringe the '497 patent.  As a result, Dollar Thrifty's Accused Instrumentalities have been used by their customers and users to infringe the '497 patent.  Dollar Thrifty continues to engage in acts of contributory infringement of the '497 patent.

15.     By reason of the acts of Dollar Thrifty alleged herein, EMG has suffered damage in an amount to be proved at trial.

16.     Dollar Thrifty threatens to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to EMG's irreparable injury.  It would be difficult to ascertain the amount of compensation that would afford EMG adequate relief for such future and continuing acts, and a multiplicity of judicial proceedings would be

required.  EMG does not have an adequate remedy at law to compensate it for the injuries

threatened.

**SECOND CLAIM FOR RELIEF**

**Infringement of the '698 Patent**

17.     EMG refers to and incorporates herein by reference paragraphs 1-9.

18.     Dollar Thrifty, by the acts complained of herein, and by making, using, selling,

offering for sale, and/or importing in the United States, including in the Eastern District of

Texas, instrumentalities embodying the invention, has in the past, does now, and continues to

infringe the '698 Patent directly, contributorily and/or by inducement, literally and/or under the

doctrine of equivalents, in violation of 35 U.S.C. § 271.

19.     At least since the filing of this complaint, Dollar Thrifty has had actual knowledge

of the '698 patent.

20.     On information and belief, Dollar Thrifty has knowingly and actively induced the

infringement of one or more of the '698 patent claims by, *inter alia*, marketing and promoting

the Accused Instrumentalities, knowingly and intending that the use of such instrumentalities by

Dollar Thrifty's customers infringes the '698 patent.  For example, Dollar Thrifty intends to

induce such infringement by, among other things, promoting users to display and navigate

mobile websites, including at least http://m.thrifty.com and http://m.dollar.com, knowing that the

display and navigation of Dollar Thrifty's mobile websites on a user's portable device or cell

phone infringes one or more claims of the '698 Patent.

21.     On information and belief, Dollar Thrifty has contributed to the infringement of

the '698 patent by, *inter alia*, marketing and promoting its services via its mobile websites.

Defendants have used and promoted within the United States the Accused Instrumentalities,

which are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are known by Dollar Thrifty to be especially made or especially adapted to infringe the '698 patent.  As a result, Dollar Thrifty's Accused Instrumentalities have been used by their customers and users to infringe the '698 patent.  Dollar Thrifty continues to engage in acts of contributory infringement of the '698 patent.

22.     By reason of the acts of Dollar Thrifty alleged herein, EMG has suffered damage in an amount to be proved at trial.

23.     Dollar Thrifty threatens to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to EMG's irreparable injury.  It would be difficult to ascertain the amount of compensation that would afford EMG adequate relief for such future and continuing acts, and a multiplicity of judicial proceedings would be required.  EMG does not have an adequate remedy at law to compensate it for the injuries threatened.

## JURY DEMAND

24.     EMG demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, EMG prays for relief as follows:

A.     For an order finding that the '497 and '698 patents are valid and enforceable;

B.     For an order finding that Dollar Thrifty has infringed the '497 and '698 patents directly, contributorily and/or by inducement, in violation of 35 U.S.C. § 271;

C.     For an order temporarily, preliminarily and permanently enjoining Dollar Thrifty, its officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, privies, and all others acting in concert or participation with

any of them, from infringing the '497 and '698 patents directly, contributorily and/or by inducement, in violation of 35 U.S.C. § 271;

      D.      For an order directing Dollar Thrifty to file with the Court, and serve upon EMG's counsel, within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which it has complied with the injunction;

      E.      For an order awarding EMG general and/or specific damages adequate to compensate EMG for the infringement by Dollar Thrifty, including a reasonable royalty and/or lost profits, in amounts to be fixed by the Court in accordance with proof, including enhanced and/or exemplary damages, as appropriate, as well as all of the profits or gains of any kind made by Dollar Thrifty from its acts of patent infringement;

      F.      For an order awarding EMG pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

      G.      For an order requiring an accounting of the damages to which EMG is found to be entitled;

      H.      For an order declaring this to be an exceptional case pursuant to 35 U.S.C. § 285 and awarding EMG its attorneys' fees;

      I.      For an order awarding EMG its costs of court; and

      J.      For an order awarding EMG such other and further relief as the Court deems just and proper.

DATED:  May 27, 2015                    Respectfully Submitted,


By: */s/ Charles Ainsworth*

Charles Ainsworth
State Bar No.  00783521
Robert Christopher Bunt
State Bar No. 00787165
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tyler, TX 75702
903/531-3535
903/533-9687
E-mail: charley@pbatyler.com
E-mail: rcbunt@pbatyler.com